IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

[1] JOSE RIVERA,
Defendant.

CASE NO. 18-579 (GAG)

PLEA AND FORFEITURE AGREEMENT
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:



COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney; José Capó-Iriarte, Assistant United States Attorney and Chief, Criminal Division; Max J. Pérez-Bouret, Assistant United States Attorney, Deputy Chief of the Narcotics Unit; and Sean R. Gajewski, Special Assistant United States Attorney, along with Defendant [1] JOSE RIVERA and his counsel Edwin A. Mora-Rolland and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count **ONE** of the Indictment. Count **ONE** of the Indictment charges, in sum and substance, on or about August 26, 2018, in the District of Puerto Rico, elsewhere and within the jurisdiction of this Court, [1] **JOSE RIVERA,** the defendant herein, did knowingly and intentionally combine, conspire, and agree with co-defendants and others unknown to commit an offense against the United States, to wit: to import into the United States from a place outside thereof five (5) kilograms or more of a mixture or substance containing

a detectable amount of cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) & (b)(1)(B), and 963.

## 2. STATUTORY PENALTIES

The Defendant understands that the penalty for Count **ONE** is a term of imprisonment of at least ten (10) years, but not more than life, and a term of supervised release of at least five (5) years. The Court may also impose a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, United States Code, or $10,000,000.00.

## 3. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decision issued on January 12, 2005, by the Supreme Court of the United States, in the case of United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.



## 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

## 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order defendant to pay a fine sufficient to reimburse the Government for the costs of any imprisonment, probation or supervised release ordered, and also that the Court may impose restitution. As part of this plea agreement, Defendant agrees to execute a financial statement to the United States (OBD Form 500).

Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Defendant cannot be placed on probation, nor have the imposition or execution of the sentence suspended. Further, defendant acknowledges that parole has been abolished.

### 6. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes as advisory to the imposition of sentence. Defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### 7. UNITED STATES RESERVATION OF RIGHTS

The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (b) to dispute sentencing factors or facts material to sentencing; and (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

### 8. STIPULATION AS TO THE AMOUNT OF NARCOTICS

The United States of America and defendant **[1] JOSE RIVERA** stipulate for purposes of this plea agreement that this Defendant shall be accountable for knowingly and intentionally

3

importing into the United States from a place outside thereof <u>at least 5 kilograms, but less than 15 kilograms of cocaine</u>.

9. **SENTENCING GUIDELINE CALCULATIONS**

The United States and the defendant agree as to the following Sentencing Guidelines calculations. For Count **ONE**:



| UNITED STATES SENTENCING GUIDELINES CALCULATION TABLE<br>COUNT ONE<br>21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B), and 963 ||||||||
|---|---|---|---|---|---|---|---|
| **Base Offense Level**<br>[§§2D1.1(a)(5) &<br>2D1.1(c)(5)] | Parties stipulate that defendant is responsible for importing into the U.S. from a place outside thereof at least 5 kilograms, but less than 15 kilograms of cocaine. ||||||| 30 |
| **Adjustment**<br>[§ 3E1.1(a)&(b)] | Defendant timely accepted responsibility and offense level is 16 or more. ||||||| -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** ||||||||  27* |
| **Sentencing Ranges** | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
|  | 27 | 070-087 | 078-097 | 087-108 | 100-125 | 120-150 | 130-162 |

*There is a mandatory one-hundred and twenty month minimum prison sentence.

10. **SENTENCE RECOMMENDATION**

The United States and the Defendant, after considering the advisory Sentencing Guidelines and all applicable sentencing factors in Title 18, <u>United States Code</u>, Section 3553(a), agree that the Defendant can recommend sentence of seventy (70) months and the United States can request a sentence of eighty-seven (87) months of imprisonment. Defendant agrees that a recommendation below the applicable guideline sentencing range will constitute a breach of the plea agreement. Defendant also recognizes that the count of conviction carries a statutory minimum sentence of one-hundred and twenty (120) months unless he qualifies for Title 18, <u>United States Code</u>, Section 3553(f).

11. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is one-hundred and twenty (120) months or less of imprisonment, the Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to, the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

12. **FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE**

The United States and Defendant agree that no adjustments or departures may be sought by either party and that any request by defendant for an adjustment or departure will be considered a material breach of this plea agreement.

13. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to Defendant's Criminal History Category.

14. **DISMISSAL OF REMAINING COUNTS**

The United States agrees that they will move to dismiss the remaining counts of the Indictment in exchange for Defendant's plea of guilty to Count **ONE**.

15. **FORFEITURE PROVISION**

Pursuant to Title 21, United States Code, Section 853, defendant agrees to forfeit all of his right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

Defendant acknowledges that forfeiture is part of the sentence that may be imposed in this case and hereby agrees to the entry of an order of forfeiture at the time of sentencing.

### 16. SATISFACTION WITH COUNSEL

Defendant represents to the Court to be satisfied with counsel, Edwin A. Mora-Rolland, and indicates that counsel has rendered effective legal assistance.

### 17. IMPACT UPON IMMIGRATION STATUS

Defendant is an alien. Defendant acknowledges that pleading guilty and entering into this plea may have negative effects upon defendant's immigration status with the United States, including, but not limited to, removal from the United States, denied citizenship, and denied admission to the United States in the future. See Fed. R. Crim. P. 11(b)(1)(O).

### 18. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, that it could not convict defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.  If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d.  At a trial, the United States would be required to present its witnesses and other evidence against the defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e.  At a trial, defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If defendant desired to do so, Defendant could testify on defendant's own behalf.

### 19. STATEMENT OF FACTS

The accompanying Statement of Facts signed by defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, Defendant agrees that said statement of facts will be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

### 20. LIMITATIONS OF PLEA AGREEMENT

Defendant is fully aware that the Court is not bound by this plea agreement, including but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations. In addition, this plea agreement binds only the United States Attorney's Office

for the District of Puerto Rico and Defendant; it does not bind any other federal district, state or local authorities.

## 21. ENTIRETY OF PLEA AGREEMENT

This Plea Agreement and its supplement constitute the complete agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in the Plea Agreement and its one supplement, and deny the existence of any other terms and conditions not stated therein.

[Intentionally Left Blank]

## 22. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against defendant and that defendant is pleading guilty freely and voluntarily because defendant is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
José Capó-Iriarte
Assistant U.S. Attorney
Chief, Criminal Division
Date: 3/18/19

_____
Max J. Perez
Assistant U.S. Attorney
Deputy Chief, Narcotics Unit
Date: 3·18·19

_____
Sean R. Gajewski
Special Assistant U.S. Attorney
Date: 3/15/19

_____
Jose Rivera
Defendant
Date: 6/12/19

_____
Edwin A. Mora-Rolland
Counsel for Defendant
Date: 6/12/19

9

## ACKNOWLEDGMENT

I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my decision to enter a guilty plea in this instant case. In addition, I understand my rights with respect to the provision of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 6/12/19

_____
Jose Rivera
Defendant

I am the attorney for Defendant. I have fully explained to Defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application, and Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of Defendant's plea of guilty.

Date: 6/12/19

_____
Edwin A. Mora-Rolland
Counsel for Defendant

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the Defendant's acceptance of criminal responsibility for Defendant's violations of Title 21, <u>United States Code</u>, Sections 952(a), 960(a)(1) & (b)(1)(B), and 963:

On August 26, 2018, a United States Coast Guard (USCG) Air Station Miami HC-144 Ocean Sentry aircraft (CG2304) detected a suspicious vessel traveling southbound without navigation lights at approximately twenty-four (24) nautical miles (NM) northeast of Loiza, Puerto Rico. The subject vessel was described as a twenty (20) foot, single outboard engine yawl ("yola") type vessel and displayed no indicia of nationality. The USCG Aircraft crew observed four (04) persons onboard with multiple packages in the vessel.



A USCG vessel (CG33143) and USS ZEPHYR, under the tactical control of the USCG and with a deployed USCG law enforcement detachment, were directed to intercept the suspect the vessel. Shortly thereafter, the USCG surface vessels approached the yola and the occupants onboard jettisoned packages from the yola, approximately 17 NM north of Loiza, Puerto Rico. The USCG surface vessels initiated the interdiction of the yola by energizing its blue lights, sirens, and utilizing verbal commands through its loudhailers, but the yola failed to obey the commands of the USCG personnel and continued on its southbound course at a high rate of speed. As a result, the USCG surface vessels deployed warning shots in attempt to stop the yola, but the operator of the yola did not stop.

During the pursuit, the yola collided with the CG33143, hitting the port engine and displacing some of the railing on the CG33143. Afterwards, the yola stopped and went dead in the water (DIW) at approximately eleven and one-half (11.5) NM north of Loiza, Puerto Rico. The

USCG surface vessel crew seized the yola and took custody of the four (4) individuals onboard, including defendant **[1] JOSE RIVERA**.

USCG diverted a second aircraft, a USCG MH-65 (CG6573), to the area to help locate the jettisoned packages. CG6573 vectored the USCG surface vessels to the jettisoned contraband where they recovered twenty-seven (27) individually wrapped packages. The subjects and the seized evidence were brought to the Mayaguez Port of Entry in Puerto Rico by the USCG and turned over to Border Patrol and U.S. Department of Homeland Security custody. A sample of the narcotics were thereafter sent to the DEA Southeast Laboratory in Florida where Senior Forensic Chemist Patricia A. Burn performed various tests and confirmed that the substance was Cocaine Hydrochloride.

For purpose of this Plea Agreement, Defendant **[1] JOSE RIVERA** agrees that on or about August 26, 2018, in the District of Puerto Rico, elsewhere and within the jurisdiction of this Court, he did knowingly and intentionally combine, conspire, and agree with each other and others unknown to commit an offense against the United States, to wit: to import into the United States from a place outside thereof, <u>at least 5 kilograms, but less than 15 kilograms of cocaine</u>, a Schedule II controlled substance. All in violation of Title 21, <u>United States Code</u>, Sections 952(a), 960(a)(1) & (b)(1)(B), and 963.

**[Intentionally Left Blank]**

Had the United States proceeded to trial, it would have presented testimony of law enforcement agents, expert testimony from a narcotics smuggling expert, video of the interdiction, documentary evidence, and physical evidence, including the seized cocaine, to prove Defendant is guilty beyond a reasonable doubt. Discovery was provided to the defense in a timely manner.

_____
Sean R. Gajewski
Special Assistant U.S. Attorney
Date: 3/15/19

_____
Jose Rivera
Defendant
Date: 6/12/19

_____
Edwin A. Mora-Rolland
Counsel for Defendant
Date: 6/12/19